635 So.2d 301 (1994)
STATE of Louisiana
v.
Clyde COOPER.
No. 93-KA-863.
Court of Appeal of Louisiana, Fifth Circuit.
March 16, 1994.
*302 Anthony G. Falterman, Julie E. Cullen, Dist. Attorney's Office, Convent, for plaintiff/appellee.
Dale J. Petit, Hester, for defendant/appellant.
Before BOWES, WICKER and CANNELLA, JJ.
BOWES, Judge.
The defendant, Clyde Cooper, was convicted of attempted possession of cocaine, a violation of LSA-R.S. 14:27; 40:967, and was sentenced to twenty-four months imprisonment at hard labor. The defendant filed a motion to reconsider sentence and on reconsideration the court found the sentence was legal. The defendant now appeals. We affirm the defendant's conviction, vacate the defendant's sentence, and remand for resentencing.

FACTS
Detective Mike Dunn of the Narcotics Division of the St. James Parish Sheriff's Office testified at trial that on the evening of March 30, 1992, he and Deputy Jason Kirkland were patrolling the Lutcher-Gramercy area in a marked police vehicle. While on patrol, the officers were dispatched by their supervisor to investigate a report that Clyde Cooper, the defendant, was involved in narcotics transactions near a grocery store in Lutcher. Detective Dunn testified that he knew the defendant prior to this incident and that the defendant was aware that Detective Dunn was a police officer.
When they arrived at the grocery store in Lutcher, the officers spotted the defendant and a group of seven to ten other individuals in front of the store. As the officers exited their vehicle, the defendant ran toward the entrance of an alley along the side of the store. While Deputy Kirkland remained in front of the store, Detective Dunn pursued the defendant on foot down the alley, identifying himself as a police officer and ordering the defendant to stop.
According to Detective Dunn's testimony, a fence ran along the side of the alley opposite the store. Toward the rear of the alley, there appeared to be a break in the fence which was actually the gate to an adjacent yard. The defendant headed for and turned left through the gate to enter the yard. Dunn then testified that he was no more than three feet behind the defendant when the two men reached the gate. As the defendant ran through the gate, Dunn observed what he described at trial as the defendant making a "tossing motion with his right hand," and he conceded on cross examination that it was fairly dark along the alleyway at the time of this incident. According to Dunn, the defendant *303 stopped shortly after entering the yard and raised his hands in the air.
Once the defendant was apprehended, Dunn called for assistance and was joined by Deputy Kirkland and another police officer, Lt. Carl Melancon. Dunn told the other two officers that the defendant had made a tossing movement, apparently throwing something to the ground in an area to which he pointed. Deputy Kirkland and Lt. Melancon searched the area indicated by Detective Dunn and found a match box containing what appeared to be six rocks of cocaine. A field test and subsequent lab analysis confirmed that the substance in the match box was, in fact, cocaine.
In their trial testimony, Deputy Kirkland and Lt. Melancon corroborated the testimony of Detective Dunn regarding the discovery of the match box. Lt. Melancon, who actually located the match box, testified that he found it resting on the top of the grass and that the match box was clean. Deputy Kirkland also testified that the match box was discovered on top of the grass, rather than closer to the ground, and that the match box was neither wet nor muddy.
Parnel Jones, called as a witness on behalf of the defendant, testified that he was standing with the defendant outside the grocery store on the evening of March 30, 1992 and that he, too, ran upon seeing the police and that he was directly behind the defendant as they ran down the alleyway; Jones further testified that the police ordered him to leave the alley and he complied. He claimed that he ran when he saw the police officers because he was on parole at the time of this incident. Jones admitted that he had a previous felony conviction for cocaine distribution and was in jail on a second distribution charge when he testified. In addition, Jones maintained that, although he had known the defendant for quite some time, he had no reason to lie in order to protect the defendant.

ANALYSIS
In his first assignment of error, the defendant alleges that the trial court erred in imposing an excessive sentence.
In State v. Jones, 559 So.2d 492, 495 (La. App. 5 Cir.1990) writ denied, 566 So.2d 981 (La.1990), this Court summarized the jurisprudence regarding excessive sentences:
The courts are prohibited from imposing cruel, excessive, or unusual punishment by Article I, Section 20 of the Louisiana Constitution of 1974. Sentences which are "grossly out of proportion to the severity of the crime" or "nothing more than the purposeless and needless imposition of pain and suffering" are excessive. State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. denied, Brogdon v. Louisiana, [471 U.S. 1111] 105 S.Ct. 2345 [85 L.Ed.2d 862] (1985); State v. Studivant, 531 So.2d 539 (La.App. 5th Cir.1988). Even sentences which are within statutory limits may violate a defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tyler, 524 So.2d 239 (La.App. 5th Cir. 1988).
The penalty for an attempt to possess cocaine is not more than two and one-half years imprisonment, with or without hard labor, and a fine of not more than $2,500.[1]
In evaluating defendant's allegation, it is necessary to consider the trial court's use of the sentencing guidelines in this case. LSA-C.Cr.P. article 894.1(A) provides:
When the defendant has been convicted of a felony, the court shall consider the sentencing guidelines promulgated by the Louisiana Sentencing Commission in determining the appropriate sentence to be imposed. However, no sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the court to impose a sentence in conformity with the sentencing guidelines of the commission.
In this case, the Sentencing Guidelines classify defendant as a 9B offender and recommend *304 that he receive between fifteen and twenty-four months incarceration.[2]
However, the recommended sentence falls within the intermediate Sanction Zone on the Sentencing Guidelines Grid. Section 207a of the Guidelines provides that "Intermediate sanctions include any sanction the court may impose other than incarceration in a jail or prison unless the term is served as periodic incarceration."
In this case, the trial court imposed a term of incarceration and, therefore, the sentence falls outside of the sentencing guidelines.
In State v. Smith, No. 93-K-0402 slip opinion at 1, 629 So.2d 333, 334 (La.1993), the Supreme Court held that "the [sentencing] guidelines are mandatory, but only in the sense that the trial court must consider them" and, if gross deviation is called for, must "[s]tate for the record the reasons for departure which shall specify the mitigating or aggravating circumstances, and the factual basis therefor." La.Admin.Code tit. 22 Section 209(4)(b) (West 1993) (emphasis provided). The Guidelines are also advisory, but only in the sense that a judge is not compelled to follow them if a sentence outside the Guidelines is supported by aggravating or mitigating circumstances in the record.
In the present case, the trial court erroneously stated that the sentence imposed was within the Sentencing Guidelines. He therefore did not specify the aggravating circumstances which warranted a more stringent sentence than that recommended.
Thus, we are unable to determine whether the trial court found and/or considered any aggravating circumstances to justify a deviation from the recommended sentence and to impose this sentence which is near the maximum defendant could have received. We therefore find that the sentence imposed in this matter should be vacated and that defendant should be resentenced.
In his second assignment of error, the defendant seeks to establish that the evidence was insufficient to support his conviction for attempted possession of cocaine.
As set forth by the United States Supreme Court, the standard for testing the sufficiency of the evidence is as follows: "[T]he relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Because the defendant was convicted of attempted possession of cocaine, the State had the burden of proving beyond a reasonable doubt that the defendant had control over and thereby knowingly and specifically intended to possess, the cocaine. LSA-R.S. 14:27; 40:967. State v. Bell, 566 So.2d 959, 960 (La.1990). Moreover, given the central role of circumstantial evidence in the State's case, "[t]he rule as to circumstantial evidence is ... assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." LSA-R.S. 15:438.
The evidence presented by the State consisted of the testimony of the police officers who apprehended and arrested the defendant. Detective Dunn testified that, as he pursued the defendant down the dark alleyway and through the gate into the adjoining yard, and when he was about three feet behind the defendant, he saw the defendant make a tossing motion with his right hand. Following the defendant's apprehension, Deputy Kirkland and Lt. Melancon responded to a call for assistance by Detective Dunn, who told the two officers that the defendant had tossed something to the ground in an area to which he pointed. In their testimony, Kirkland and Melancon stated that they searched the area indicated by Dunn and found, resting on top of the grass, a match box, which they described as clean, and neither *305 wet nor muddy, and which contained six rocks of cocaine.
In his defense, the defendant offered the testimony of Parnel Jones who claimed that he was immediately behind the defendant as the men ran down the alleyway. Jones also testified that he left the alley when ordered to do so by the police officers.
After considering the evidence presented at trial, the jury obviously chose to believe the testimony of the police officers, excluded every reasonable hypothesis of innocence, and found the defendant guilty of the crime of attempted possession of cocaine. We find, without doubt, that viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could certainly have found all the essential elements of that crime beyond a reasonable doubt. Since the evidence reasonably permitted a conviction, it is not this Court's function to "assess the credibility of witnesses or reweigh the evidence to overcome the fact-finder's determination of guilt." State v. Weilbaecher, 534 So.2d 973, 976 (La.App. 5 Cir.1988) (citing State v. Matthews, 450 So.2d 644 (La.1984)).
Accordingly, we therefore find that the evidence presented by the State was sufficient to sustain the defendant's conviction for attempted possession of cocaine.
Finally, the defendant requests that we review the record for errors patent and our review of the record reflects the following errors.
As discussed previously, the trial court sentenced the defendant to twenty-four months imprisonment at hard labor. In addition, the court ordered that the sentence was to run consecutively with any sentence which may result from a subsequent probation revocation hearing. This is a sentencing error based on LSA-C.Cr.P. art. 901(C)(2) and this Court's prior holding in State v. Pittman, 585 So.2d 591 (La.App. 5 Cir.1991) because:
Article 901(C)(2), which governs revocation of probation for commission of another offense, states that:
In case of revocation provided for in this Article ... [w]hen the new conviction is a Louisiana conviction, the sentence shall run consecutively with the sentence for the new conviction, unless the court originally imposing the suspension of probation specifically orders that said sentences are to be served concurrently, in which case the court minutes shall reflect the date from which the sentences are to run concurrently.
In Pittman, this Court held that it was improper for the sentencing judge to sentence the defendant to a prison term which was to run concurrently with other sentences, "including a possible sentence following a pending hearing on revocation of the defendant's probation." Pittman, 585 So.2d at 593. Further, as is consistent with Article 901(C)(2), Pittman held that only the judge who suspended the earlier sentence "is entitled to determine whether the defendant will serve prior and subsequent sentences concurrently or consecutively." Id. at 597.
Accordingly, we order that the defendant's sentence be amended to delete the provision that the sentence be served consecutively to any sentence he may receive as a result of a probation revocation.
For the above discussed reasons, the defendant's conviction for attempted possession of cocaine is affirmed. The defendant's sentence is vacated and the matter is remanded for resentencing in accordance with this opinion and the Sentencing Guidelines.
CONVICTION AFFIRMED, SENTENCE VACATED, AND CASE REMANDED.
NOTES
[1] Under LSA-R.S. 40:967(C), one convicted of possession of cocaine shall be imprisoned with or without hard labor for not more than five years and, in addition, may be sentenced to pay a fine of not more than $5,000. However, as an attempt, the maximum penalty is "one-half of the punishment prescribed for the offense." LSA-R.S. 40:979(A).
[2] In applying the sentencing guidelines, the defendant is classified as a 9B offender on the grid. While possession for cocaine is a level eight offense, an attempt to possess cocaine is a level nine offense. The defendant's criminal history score is 4.25 points. (Three points for a prior conviction for aggravated battery; one-fourth of one point for a prior misdemeanor conviction for resisting an officer; one additional point because the current offense was committed while the defendant was on probation).