NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-712

STATE OF LOUISIANA

VERSUS

ANTHONY DEWAYNE CYRIAK

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 289094
HONORABLE THOMAS MARTIN YEAGER, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Elizabeth A. Pickett, J. David Painter, and James T. Genovese, Judges.

AFFIRMED.

James C. Downs
District Attorney - 9th Judicial District
Sheryl Lynn Laing
Assistant District Attorney
Post Office Drawer 1472
Alexandria, LA 71309
(318) 473-6650
Counsel for Plaintiff-Appellee:
State of Louisiana

**Mark Owen Foster**
**Louisiana Appellate Project**
**P. O. Box 2057**
**Natchitoches, LA 71457**
**(318) 572-5693**
**Counsel for Defendant-Appellant:**
**Anthony Dewayne Cyriak**

**PICKETT, Judge.**

## FACTS

Detective Len Hall saw the defendant, Anthony Dewayne Cyriak, in a high crime area on a lot for which the tenants had signed a trespass letter. Detective Hall asked the defendant to approach him. The defendant proceeded behind a fence line, and Detective Hall saw the defendant with "his shadow and hand in a throwing motion." The defendant then returned and approached Detective Hall. Detective Hall then handcuffed the defendant and placed him in the patrol car. Detective Hall walked around the fence line and found a bag containing eighteen rocks of crack cocaine. He then arrested the defendant, who was subsequently convicted of possession with intent to distribute cocaine.

The defendant was charged by bill of information with possession with intent to distribute cocaine, in violation of La.R.S. 40:967. The defendant entered a plea of not guilty.

At the conclusion of a trial by jury, the defendant was found guilty as charged. He was subsequently sentenced to serve fifteen years at hard labor, the first two years of the sentence to be served without benefit of probation, parole, or suspension of sentence. An oral motion to reconsider sentence was made and denied.

A motion for appeal was filed and granted. The defendant is now before this court asserting one assignment of error. Therein, he contends the evidence was insufficient to support his conviction.

## ERRORS PATENT

1

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there is one error patent concerning an incorrect statutory citation in the bill of information.

The bill of information incorrectly refers to "LSA-R.S. 40:966 A1G" as the citation for possession with intent to distribute cocaine. The correct statutory citation for this offense is La.R.S. 40:967(A)(1).

Louisiana Code of Criminal Procedure Article 464 states:

> The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.

A review of the face of the record shows no indication that this citation error misled the defendant to his prejudice, and neither the minutes nor the pleadings indicate the defendant alleged any prejudice prior to trial. Accordingly, we find this error is harmless. *See State v. Poche*, 05-1042 (La.App. 3 Cir. 3/1/06), 924 So.2d 1225 and *State v. Roberts*, 06-765 (La.App. 3 Cir. 1/17/07), 947 So.2d 208, *writ denied*, 07-362 (La. 10/5/07), 964 So.2d 938.

## ASSIGNMENT OF ERROR

In his only assignment of error, the defendant contends the state failed to establish all of the elements of proof that he was guilty of possession with intent to distribute cocaine.

2

The standard for appellate review when the sufficiency of the evidence is at issue is set forth in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979), which states a defendant's conviction must be upheld if, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

Detective Hall testified that he made contact with the defendant on July 12, 2006. The defendant was in the rear of a residence located at 1506 Monroe Street. Detective Hall approached the defendant because the tenants who resided at the address had signed a "trespassing letter" due to traffic from drug dealers and users. The defendant was "kind of fidgety and kind of hesitant" to follow instructions to approach Detective Hall.

Detective Hall testified that he asked the defendant to approach him three times. It was a sunny day. The defendant then walked to the edge of and stepped through a fence line, and Detective Hall could see "his shadow and hand in a throwing motion." The defendant then stepped back from the fence line and approached Detective Hall. Because they were in a high crime area, Detective Hall had the defendant kneel down, and Detective Hall placed the defendant in handcuffs and escorted him to the police car.

Detective Hall went through the fence line into the area where the defendant had been standing. He subsequently located eighteen rocks of crack cocaine in a plastic bag. He found nothing else in the area. The defendant was searched incident to his arrest, and no drug paraphernalia was found.

Detective Hall testified that he would typically find drug paraphernalia when arresting drug users. Further, crack users usually have burned finger tips and lips.

3

However, some crack pipes do not leave burns on the hands of their users. Detective Hall further testified that he did not observe burns on the defendant. When asked whether he made an effort to inspect the defendant's hands and why that information was not in his report, Detective Hall stated, "No, sir, uh --." He then indicated he did not check the defendant's hands. He later testified that he would have noticed burn marks on the defendant's hands when he handcuffed the defendant.

Detective Hall opined that the 12.9 grams of crack cocaine he found was not packaged for personal use. Detective Hall further testified that the defendant had a "couple of dollars" in his pocket at the time of his arrest.

Detective James Bettevy was qualified as an expert in the field of use and sales of narcotics in Rapides Parish. He testified that the amount of drugs found without paraphernalia would indicate possession of crack cocaine with intent to distribute. Detective Bettevy testified the crack cocaine was worth $360, and crack users usually do not possess that many rocks of crack cocaine. Detective Bettevy was not aware of the defendant's financial circumstances.

Mike Stelley, an expert in forensic chemistry and an employee at the crime lab, testified that the drugs found by Detective Hall contained cocaine.

> In reviewing the sufficiency of the evidence to support a conviction…, an appellate court in Louisiana is controlled by the standard of review adjudged by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979),
>
> > "[T]he appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt." *State v. Captville*, 448 So.2d 676, 678 (La.1984).

*State v. Desoto*, 07-1804, p. 7 (La. 3/17/09), 6 So.3d 141, 146.

In pertinent part, La.R.S. 40:967(A)(1) states, "[I]t shall be unlawful for any person to knowingly or intentionally . . . possess with intent to . . . distribute . . . a controlled dangerous substance or controlled substance analogue classified in Schedule II." Cocaine is one of the controlled dangerous substances classified in Schedule II. La.R.S. 40:964(II)(A)(4). Thus, the prosecution must have proved that (1) Defendant knowing and intentionally possessed cocaine and that (2) Defendant intended to distribute the cocaine.

*State v. Durgan*, 05-1642, p. 6 (La.App. 3 Cir. 5/31/06), 931 So.2d 1182, 1186.

As noted earlier, the defendant was not in actual possession of the crack cocaine found by Detective Hall.

The supreme court in *State v. Toups*, 01-1875, pp. 3-4 (La.10/15/02), 833 So.2d 910, 913, summarized the law on constructive possession as follows:

> A person may be in constructive possession of a drug even though it is not in his physical custody, if it is subject to his dominion and control. Also, a person may be deemed to be in joint possession of a drug which is in the physical custody of a companion, if he willfully and knowingly shares with the other the right to control it. . . . Guilty knowledge is an essential ingredient of the crime of unlawful possession of an illegal drug. . . .

> *State v. Trahan*, 425 So.2d 1222 (La.1983) (citing *State v. Smith*, 257 La. 1109, 245 So.2d 327, 329 (1971)). However, it is well settled that the mere presence in an area where drugs are located or the mere association with one possessing drugs does not constitute constructive possession. *State v. Harris*, 94-0970 (La.12/8/94), 647 So.2d 337; *State v. Bell*, 566 So.2d 959 (La.1990).

> A determination of whether there is "possession" sufficient to convict depends on the peculiar facts of each case. Factors to be considered in determining whether a defendant exercised dominion and control sufficient to constitute constructive possession include his knowledge that drugs were in the area, his relationship with the person found to be in actual possession, his access to the area where the drugs were found, evidence of recent drug use, and his physical proximity to the drugs. *State v. Hughes*, 587 So.2d 31, 43 (La.App. 2 Cir.1991), *writ denied*, 590 So.2d 1197 (La.1992); see also *Bujol v. Cain*, 713 F.2d 112 (5 Cir.1983), *cert. denied*, 464 U.S. 1049, 104 S.Ct.

726, 79 L.Ed.2d 187 (1984) (listing above factors as well as a sixth factor: "evidence that the area was frequented by drug users").

*State v. Jacobs*, 08-1068, pp. 3-4 (La.App. 3 Cir. 3/4/09), 6 So.3d 315, 318.

The defendant asserts there was no direct evidence that he actually possessed the eighteen rocks of crack cocaine found by Detective Hall, as Detective Hall never saw him with any drugs or engage in any drug activity. Instead, he found the drugs in an "area" behind a fence after the defendant was arrested.

The defendant further asserts that the evidence, when viewed in the light most favorable to the state, fails to prove, beyond a reasonable doubt, that he constructively possessed the cocaine found by Detective Hall. The defendant asserts there was no evidence that he had previously possessed or sold drugs. He contends the only evidence presented was Detective Hall's testimony that he "saw a shadow of a throwing motion through a fence."

The defendant asserts there is nothing in the record to explain why the state chose not to attempt to put on additional evidence to prove constructive possession. Thus, the state failed to meet its burden of excluding every reasonable hypothesis of innocence. The defendant asserts that because the State failed to fully question Detective Hall about the facts of the case, the circumstantial evidence did not exclude the possibility that the drugs were left by someone else or that he was even close enough to the area where the drugs were found to have been considered in close proximity to them.

The state asserts the case at bar is similar to *Durgan*, 931 So.2d 1182. In *Durgan*, the defendant was convicted of possession with intent to distribute cocaine. During the pursuit, Officer Reich saw the defendant reach into his mouth and throw

6

away a small package. Officer Reich noted the location where the package landed. The pursuit ended when the defendant stopped and turned to face Officer Reich, which was ten or fifteen feet from the point where the defendant had discarded the package. When Officer Reich ordered the defendant to get on the ground, he resisted but was subsequently handcuffed.

Officer Reich returned to look for the discarded package, which he easily and quickly located. The discarded package, which was small and wet, contained ten to eleven rocks of crack cocaine. Officer Reich testified that the amount of crack cocaine found in the package and the defendant's behavior were consistent with a sale of illegal drugs.

This court upheld the defendant's conviction finding Officer Reich saw the defendant throw the package and recovered it from where he had seen it land.

The court in *Durgan* relied on *State v. Hamilton*, 546 So.2d 554 (La.App. 1 Cir. 1989). In *Hamilton*, a police officer, while patrolling an area known for drug trafficking, observed Hamilton and another man acting in a manner consistent with a narcotics transaction. The officer then saw Hamilton throw a small black object as the police unit approached. A search of the area located a small black metal box containing two bags of cocaine.

In *Durgan*, 931 So.2d 1182, this court also relied on *State v. Senegal*, 542 So.2d 792 (La.App. 3 Cir. 1989). In *Senegal,* a detective watched as Senegal threw three packets containing a white powdery substance behind an arcade game.

The case at bar is distinguishable from *Durgan*, 931 So.2d 1182, *Hamilton*, 546 So.2d 554, and *Senegal*, 542 So.2d 792, in that Detective Hall did not see what the defendant threw and did not testify that he saw where it landed.

7

In *State v. Cooper*, 93-863 (La.App. 5 Cir. 3/16/94), 635 So.2d 301, the investigating officer testified that he followed a suspect down a dark alleyway and into a yard. When he had closed the distance to within three feet, he observed the defendant make a tossing motion. A subsequent search of the area, to which the officer who chased the defendant pointed, revealed a matchbox resting on top of grass. The matchbox was described as clean, and neither wet nor muddy, and it contained six rocks of cocaine. The defendant's conviction of attempted possession of cocaine was upheld.

In *State v. Hopson*, 97-509 (La.App. 5 Cir. 11/25/97), 703 So.2d 767, police observed the defendant throw something from the driver's side window of the vehicle during a traffic stop. After stopping the vehicle, the officer walked approximately twenty yards behind the defendant's car and found two beige envelopes containing marijuana and a piece of plastic containing a rock of cocaine two to four feet from the envelopes.

On appeal, the defendant argued that the evidence was insufficient to support his conviction because the officer testified that he only saw the defendant throw the envelopes out the window not the rock of cocaine. Based on the testimony presented at trial, the court found that the jury could have found beyond a reasonable doubt that the defendant threw the rock of cocaine out the window.

In *State v. Montgomery*, 98-775 (La.App. 3 Cir. 1/27/99), 734 So.2d 650, police were called to investigate a complaint regarding a blue Chrysler. While questioning the driver at the back of the vehicle, one officer heard something hit the ground in the area where the defendant was located. A second officer looked beneath

8

the car and found a matchbox containing razor blades and four or five rocks of crack cocaine. The defendant was then arrested. This court stated the following:

> In *Cooper*, 93-863; 635 So.2d 301, the investigating officer testified that he followed a suspect down a dark alleyway. When he had closed the distance to within three feet, he observed the defendant make a tossing motion. A subsequent search of the area revealed a matchbox "which they described as clean, and neither wet nor muddy, and which contained six rocks of cocaine." *Id*. at p. 6, 304-305. The defendant's conviction of attempted possession of cocaine was upheld.

*Id*. at 654.

This court then noted that the lighting was adequate, and Officer Murphy was in a position to clearly see the defendant. As to the matchbox containing the cocaine discovered underneath the vehicle, while Officer Murphy testified that he neither saw the defendant actually possess nor throw the matchbox, he did testify that he was certain that the defendant had thrown the box containing cocaine beneath the car. Officer Murphy's conclusion was based on the suspicious activity of the defendant, including, but not limited to, the way he was seated, half in and half out of the car, defendant's bending rapidly forward, and the concurrent sound heard beneath the vehicle.

This court further noted that Officer Murphy had a clear view of the defendant as the events transpired. Further, evidence tended to establish that the matchbox discovered had not been exposed to the elements for any length of time. Although Officer Murphy never touched the box containing the cocaine, he said that it did not appear that the box had been exposed to the gravel and dirt for any length of time prior to discovery. This testimony was corroborated by Officer Hembree who actually had control of the evidence. The box containing the cocaine was never tested for prints.

9

This court concluded that the record indicated the state proved that the defendant was seen exiting the passenger side of the blue Chrysler where cocaine was subsequently discovered. Officers discovered evidence in close proximity to the passenger compartment where the defendant was seated. The defendant acted suspiciously subsequent to his exiting the vehicle and only complied with the officer's request to return to the car after several requests. In addition, cocaine was found beneath the vehicle, and the defendant's observed throwing motion was followed by a sound consistent with something hitting the ground. Furthermore, the transactions above occurred in an area frequented by drug users and where regular illicit activity occurred. The defendant was also in possession of over $200.00, a fact which supported the suspicion of dealing in illegal drug transactions.

The case at bar is also distinguishable from *Montgomery*, 734 So.2d 650, in that officers in *Montgomery* testified regarding the condition of the matchbox. However, the case is similar in that the defendant in *Montgomery* and the defendant in the case at bar did not initially comply with the requests of police.

In *State v. Brown*, 37,736 (La.App. 2 Cir. 3/12/04), 868 So.2d 289, *writ denied*, 04-2216 (La. 6/3/05), 903 So.2d 445, police on patrol in an area known for drug trafficking observed a vehicle driven by the defendant stopped in the middle of the street. Two men were standing at the driver's side of the vehicle with their hands inside the car. As police approached in a patrol car, the two men ran away and the defendant started driving away. The officer's followed the defendant's vehicle and turned on their emergency lights. The vehicle turned into a driveway and two men exited the passenger side. The defendant attempted to drive away, but was stopped by police.

10

After police handcuffed the defendant, they noticed a brown piece of paper on the ground on the driver's side of the vehicle. The paper was dry although the ground was wet due to recent rain. The paper contained two plastic bags containing marijuana and cocaine. The defendant asserted the drugs belonged to the passengers of his vehicle. The officers saw no other people in the area at the time of the arrest. Further, the defendant did not have a significant amount of money with him nor did he have any drug paraphernalia.

The second circuit found the evidence was sufficient for the jury to conclude the defendant and his passengers purchased cocaine from the individuals outside the car and the defendant was in constructive possession of the cocaine. In support of this finding, the court stated the following:

> In this case, no drugs were found on any occupants of the car, the officers did not see the drugs passed to them while the car was stopped on Dixie Street, and the officers did not see anything being tossed from the car. However, the testimony of the officers shows that the defendant and his passengers were stopped in an area known for drug trafficking, engaging in behavior that appeared to be a drug transaction. When the defendant was apprehended, drugs were found near him and appeared to have been there only a short time. The defendant was the only person close to the area where the cocaine was found.

*Id*. at 294.

The case at bar is similar to *Brown*, 868 So.2d 289, in that Detective Hall saw the defendant's arm in a throwing motion. The drugs were found in the area where he was standing. The defendant was the only person close to the area where the cocaine was found.

Based on the evidence presented by the state we find, when viewed in a light most favorable to the state, the evidence was sufficient to prove beyond a reasonable doubt that the defendant possessed the drugs found by Detective Hall. Thus, we find

11

the defendant's conviction and sentence for possession with intent to distribute cocaine are affirmed.

## CONCLUSION

The defendant's conviction and sentence are affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3, Uniform Rules, Courts of Appeal.

12