BROWN, Chief Judge.
| defendant, Jamie L. Stapleton, was charged by bill of information that on March 8, 2010, he did: (1) possess methamphetamine, a Schedule II CDS, with intent to distribute, in violation of La. R.S. 40:967(A)(1); (2) possess cocaine, a Schedule II CDS, in violation of La. R.S. 40:967; (3) possess alprazolam (Xanax), a Schedule IV CDS, in violation of La. R.S. 40:969; (4) possess dextropropoxyphene (Darvocet), a Schedule IV CDS, in violation of La. R.S. 40:969; (5) possess drug paraphernalia, in violation of La. R.S. 40:1023; and (6) possess marijuana, a Schedule I CDS, in violation of La. R.S. 40:966.
On August 1, 2011, jury selection began. The next day, however, defendant agreed *263 to plead guilty to count one, possession of methamphetamine with intent to distribute. The state agreed that the remainder of the counts were to be dismissed at sentencing. The agreement provided a sentencing cap of 15 years. The state agreed not to file habitual offender proceedings and that any sentence imposed would run concurrently with any other time that defendant might be serving on probation or parole.
At sentencing, the trial court reviewed the PSI report, including defendant’s criminal, personal, social, and employment history. Defendant was classified as a fourth felony offender. The court considered defendant’s statements to the probation officer rendering the report and letters of recommendation submitted on defendant’s behalf. Also, the court reviewed the sentencing guidelines set forth in La. C. Cr. P. art. 894.1. Considering the above, the trial court sentenced defendant to 10 years at hard labor, with credit for time served. However, the court did not expressly state whether 12defendant’s sentence would run concurrently or consecutively to any other sentence(s).
Defendant filed a motion to reconsider sentence on January 19, 2012, claiming that he had shown great efforts to end his drug addiction, that no one was harmed in the commission of the offense and that he did not benefit from the offense. The trial court denied the motion on March 16, 2012. This appeal followed. We affirm the conviction, but we vacate the sentence and remand for resentencing.

Discussion

Defendant argues that although the 10-year sentence imposed upon him is within the 15-year cap set forth in the plea agreement, his sentence should be reviewed because it does not fully conform with the terms of the plea agreement. According to defendant, the trial court failed to specify that his sentence was to run concurrently with any other sentence. Defendant claims that neither the minutes nor the record reflects imposition of a concurrent sentence. Therefore, defendant asks this court to vacate his sentence and remand the matter to the trial court for resentenc-ing in accordance with the plea agreement; specifically, to reflect that the 10-year sentence imposed shall run concurrently with any other sentence defendant may have to serve due to a violation of parole or probation. Alternatively, defendant contends that he should be allowed to withdraw his guilty plea.
The state agrees that this case should be remanded to the trial court for resentenc-ing in accordance with the plea agreement. According to the state, the court intended to sentence defendant in accordance with the agreed upon terms of the plea agreement, and this omission was inadvertent.
|sA defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. La. C. Cr. P. art. 881.2(A)(2). However, a guilty plea is constitutionally infirm when a defendant is induced to enter that plea by a plea agreement which is then not fulfilled. State v. Robinson, 38,921 (La.App. 2d Cir.11/01/00), 770 So.2d 868.
The record reflects that when defendant entered his guilty plea, all parties agreed that his sentence would run concurrently with any other sentence that he may serve or have to serve due to a violation of probation or parole. As such, this condition was part of the plea agreement. The trial court, however, failed to order that the sentence be served concurrently with prior sentences.
Defendant’s PSI indicates that on March 2, 2010, just six days before his arrest on the instant offense, defendant pled guilty *264 to one count of theft and was sentenced to 90 days in the parish jail, suspended, with 24 months’ unsupervised probation. As such, it would appear that defendant was on probation at the time of the instant offense and if so, only the court originally granting the suspended sentence and probation on the theft charge may determine whether defendant will serve the revocation of that probation and the instant sentence concurrently or consecutively. See La. C. Cr. P. art. 901(C)(2); State v. Hotard, 04-1092 (La.10/15/04), 885 So.2d 533; State v. Ester, 436 So.2d 543 (La.1983); State ex rel. Brently v. Dees, 388 So.2d 386 (La.1980); State v. Cooper, 93-863 (La.App. 5th Cir. 03/16/94), 635 So.2d 301.
|4In the instant case, defendant’s PSI further indicates that on November 15, 2007, he pled guilty to possession of Alprazolam and was given a four-year hard labor sentence. On August 31, 2009, defendant was released on good time parole supervision. Thereafter, his parole was revoked on June 27, 2011, as a result of the theft arrest and the instant drug offenses. Unlike probation, there is no prohibition against the trial judge ordering a sentence to run concurrently with a parole revocation. State v. Arceneaux, 05-338 (La.App. 5th Cir.12/17/05), 930 So.2d 44; State v. Ott, 12-111 (La.App. 5th Cir.10/16/12), 102 So.3d 944. Therefore, the trial court has authority to order the instant sentence to run concurrently with the parole revocation sentence.
We will therefore vacate defendant’s sentence and remand the matter to the trial court for clarification of defendant’s probation/parole status and resentencing, reserving to defendant the right to withdraw his guilty plea.

Conclusion

Defendant’s conviction is affirmed. His sentence is vacated and the matter is remanded to the district court for further proceedings.
AFFIRMED; VACATED; REMANDED.