703 So.2d 767 (1997)
STATE of Louisiana
v.
Corey HOPSON.
No. 97-KA-509.
Court of Appeal of Louisiana, Fifth Circuit.
November 25, 1997.
*768 Linda Davis-Short, Louisiana Appellate Project, Gretna, for Defendant/Appellant.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant District Attorney (Louise Korns, of counsel), Parish of Jefferson, Gretna, for Plaintiff/Appellee.
Before BOWES, DUFRESNE and WICKER, JJ.
WICKER, Judge.
Corey Hopson (Hopson) was charged by bill of information with violating La.R.S. 40:967C, possession of cocaine. Hopson proceeded to trial before a jury of six. The jury returned with a unanimous verdict of guilty as charged. The trial court denied defendant's motion for a new trial and motion for post-judgment verdict of acquittal. Hopson was sentenced to serve three (3) years at hard labor. At the same proceeding, the state filed a multiple bill alleging defendant to be a third felony offender. The defendant stipulated that he was a second felony offender. He was then sentenced to serve five (5) years at hard labor. Hopson now appeals. We affirm the conviction, vacate the multiple bill sentence, and remand for rehearing on the multiple bill.
On appeal Hopson assigns the following errors:
1. The trial court erred in denying the defense motions for new trial and for post judgment verdict of acquittal.
2. The trial court erred in allowing evidence of possession of marijuana when defendant was on trial for possession of cocaine.
3. The trial court erred in not fully advising defendant as to the prescriptive period for post conviction relief.
4. Assigned as error are any and all errors patent on the face of the record.
The evidence at trial revealed the following. Deputies Norman and Leconte of the Jefferson Parish Sheriff's Office were patrolling the 1600 block of the West Bank Expressway in Jefferson Parish on November 30, 1995. Norman testified that he was assigned to the Westbank Street Crimes Unit, a division of the sheriff's office dedicated to high crime areas. At 12:30 a.m. Norman observed a gray 1984 Lincoln Towncar without a license plate. Hopson was driving the Towncar. As Norman turned on his police lights and siren to pull the vehicle over, he saw the driver's side window roll down and observed the defendant throw something out of the window with his right hand. After the defendant stopped his vehicle, Norman asked Hopson to step out of the vehicle, and he patted down the defendant, but did not find any weapons. Next, the officer detained Hopson and walked about twenty (20) yards behind Hopson's car. Norman found two beige envelopes containing a green, leafy substance. Norman testified that he also found a little piece of plastic containing an off-white colored rock in the same area, approximately two to four feet from the envelopes. Field-testing revealed the green substance to be marijuana and the white rock to be cocaine. Norman arrested Hopson, advised him of his rights, and transported him to Jefferson Parish Correction Center.
At trial, Daniel Waguespack was accepted as an expert in the field of forensic chemistry. He testified that he performed testing on the substances in state's exhibit one (S-1), a bag containing two envelopes of green vegetable material and one off-white rock-like object wrapped in a corner of a plastic bag. The rock-like object tested positive for cocaine and the vegetable material was identified as marijuana.
The defense presented the testimony of two witnesses. Michael Fluker was a passenger in the defendant's car on the night of *769 the defendant's arrest. Fluker testified that Hopson was holding the envelopes containing "weed" in his hand while he (Hopson) was driving. Fluker also stated that he saw the defendant throw the envelopes out of the window, but did not see the defendant throw the rock of cocaine out of the window. Additionally, Fluker testified that the temporary license tag was in the rear window of the car before officers stopped the defendant's car, but that the tag was on the floorboard of the car after officers searched the car. After Hopson was arrested, Fluker drove Hopson's car to the home of his cousin, Christy Fluker, who was also the defendant's girlfriend.
Christy Fluker testified Hopson's car had been parked at her house since the night he (Hopson) was arrested. She identified defendant's exhibit two (D-2) as the unexpired temporary license tag that she had removed from the rear window of Hopson's car.
The defendant contends that the trial court improperly denied his motion for a new trial and motion for a post verdict judgment of acquittal because the evidence was legally insufficient to support his conviction of possession of cocaine. He claims that the area where the officer found the rock of cocaine was a "high crime area" and that the officer did not see him throw the rock out of the window with the envelopes of marijuana. He asserts that the rock could have been thrown by someone else or that the rock was already on the ground when the defendant threw the marijuana out of the car. The trial court denied Hopson's motion for a new trial on the grounds that "the evidence certainly substantiated the conviction." On the same day, the trial judge denied the motion for a post verdict judgment of acquittal because "there was ample evidence to support the judgment of conviction."
According to La.Code Crim. P. art. 821(B):
B. A post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty.
See also, Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Smith, 441 So.2d 739 (La.1983).
In State v. Hawkins, 96-766 (La. 1/14/97) 688 So.2d 473, 479 the court explained:
An appellate court reviewing a claim of insufficient evidence must determine that the trial evidence, whether direct or circumstantial, or a mixture of both, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt. The elements must be sufficient that every reasonable hypothesis of innocence is excluded. In circumstantial evidence cases, when the jury reasonably rejects the hypothesis of innocence offered by the defendant in his own testimony, "that hypothesis fails, and the defendant is guilty, unless there is another hypothesis which raises a reasonable doubt." If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier's view of all the evidence most favorable to the prosecution must be upheld. However, if the appellate court finds that no rational trier of fact, viewing all the evidence from a pro-prosecution standpoint, could have found guilt beyond a reasonable doubt, the conviction cannot constitutionally stand [citations omitted.]
The defendant was convicted of possession of cocaine. La. R.S. 40:967C defines possession of cocaine as follows:
C. Possession. It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance as classified in Schedule II unless such substance was obtained directly or pursuant to a valid prescription or order from a practitioner as proved in R.S. 40:978 while acting in the course of his professional practice, or except as otherwise provided by this Part.
To support a conviction of possession of cocaine in violation of La. R.S. 40:967 C, the state must prove that the defendant was knowingly in possession of the drug. "Determination of whether there is `possession' sufficient to convict depends on the peculiar *770 facts of each case." State v. Trahan, 425 So.2d 1222, 1226 (La.1983).
The defendant contends that the evidence was insufficient to support his conviction because Norman testified that he only saw Hopson throw the envelopes out of the window, not the rock of cocaine. Hopson also urges this insufficiency claim on the grounds that the police report, introduced into evidence as defendant's exhibit one (D-1), did not reflect that Norman actually saw Hopson throw the rock of cocaine out of the window.
Norman testified that he observed Hopson "throw something" out of the driver's side window with his right hand. Norman demonstrated the motion for the jury. The officer walked twenty (20) yards behind Hopson's vehicle and retrieved two envelopes of marijuana and a rock of cocaine in the same area as the envelopes. Norman stated that the rock was a "couple, two or three, maybe four feet" from the location of the envelopes. Importantly, when questioned by defense counsel whether it could have been the passenger who threw the items out of the car, Norman testified that he "saw Mr. Hopson's arm." After the testimony of the officer, the rock of cocaine and the two envelopes of marijuana were admitted into evidence as S-1.
Considering all of the evidence before the jury, both direct and circumstantial, the jury could have found beyond a reasonable doubt that the defendant threw the rock of cocaine out of the window, and, therefore, was guilty of possession of cocaine.
Hopson further contends that the trial judge improperly admitted the marijuana into evidence and improperly allowed testimony concerning the marijuana from Norman and Waguespack. He asserts that this evidence was inadmissible because it was irrelevant to the prosecution of possession of cocaine and was impermissible evidence of another crime. The state contends that the marijuana and testimony concerning the marijuana were admissible as res gestae evidence. We agree.
Generally, evidence of other crimes is inadmissible at trial because of the substantial risk of grave prejudice to the defendant. State v. Brown, 95-124 (La.App. 5th Cir. 5/30/95) 656 So.2d 1070, 1074-1075. While our Code of Evidence prohibits the use of evidence of other crimes or wrongful acts to prove the character of a person in order to show that he acted in conformity therewith, such evidence is admissible "when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding." La. C.E. art. 404 B(1). Formerly known as "res gestae," evidence that constitutes an integral part of the crime is admissible without prior notice to the defense. State v. Brown, supra.
The Louisiana Supreme Court in State v. Brewington, 601 So.2d 656, 656-657 (La. 1992), held that the defendant's display of crack cocaine and a pistol to an acquaintance one and one-half hours before the victim's death, and three hours after the victim was last seen alive in defendant's presence "formed an inseparable part of the state's substantial circumstantial evidence linking him to the shooting." The Brewington Court further stated, 601 So.2d at 657:
This court has approved the admission of other crimes evidence when it is related and intertwined with the charged offense to such an extent that the state could not have accurately presented its case without reference to it. In such cases, the purpose served by admission of other crimes evidence is not to depict the defendant as a bad man, but rather to complete the story of the crime on trial by proving its immediate context of happenings near in time and place. The concomitant other crimes do not affect the accused's character, because they were done, if at all, as parts of a whole; therefore, the trier of fact will attribute all of the criminal conduct to the defendant or none of it. And, because of the close connection in time and location, the defendant is unlikely to be unfairly surprised [citations omitted.]
Similarly, this Court, in State v. Camp, 580 So.2d 957, 960 (La.App. 5th Cir.1991), held that a witness' reference to the knife found on defendant after he was apprehended for burglary constituted an integral part of the crime. The Camp court concluded that the reference to the knife was admissible under *771 La. C.E. 404(B) as res gestae evidence in the defendant's burglary trial.
The defendant correctly notes that at his original sentencing and at his sentencing as a multiple offender, the trial court advised him that he had "three (3) years to file for postconviction relief." This language did not accurately inform Hopson of La.Code Crim. P. art. 930.8 which provides that "[n]o application for post conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than three years after the judgment of conviction and sentence has become final." [Emphasis added].
However, we note an error patent requiring this court to vacate the sentence and remand for resentencing. In this case, the defendant was not advised of his rights before he admitted to the allegations of the multiple offender bill.
The following exchange took place in connection with the multiple offender bill filed against Hopson:
THE COURT: Arraign him on the bill.
* * * * * *
THE STATE: It is the position of the State that the multiple bill alleges two prior convictions. However, the pleas in each of those cases occur on the same date. So, for multiple-billing purposes he qualifies as a second offender, not a third offender.
MR. LILLIAN: May it please The Court. Having spoken to the defendant, the defendant wishes to stipulate to the multiple-bill and will accept the Court's sentence.
THE STATE: I would also request a stipulation that there's been no clensing (sic) period. It's obvious from the dates in the record, but I would ask for that stipulation.
MR. LILLIAN: Done.
THE COURT: Mr. Hopson, you understand that you've been arraigned this morning on the multiple-bill and that you have at least one previous conviction which would make you a double-bill. Do you agree to that stipulation?
THE DEFENDANT: Yes, sir.
THE COURT: Alright, sir. You understand that you're entitled to a hearing? You have representation. And you're entitled to remain silent. Do you understand that?
THE DEFENDANT: I understand, Your Honor.
THE COURT: The record will so reflect. I'll accept the plea on the multiple-bill in regards to 15:529.1 ...
InState v. Brown, 95-377 (La.App. 5th Cir. 11/15/95) 665 So.2d 477, 480 this court found reversible error requiring resentencing as follows:
As in [State v.] Pierce [585 So.2d 626 (La.App. 2nd Cir.1991)] there is nothing in the multiple bill transcript in the instant case to indicate that the defendant was apprised of his rights, by either the court or his attorney, before he entered his admission. Furthermore, the judge asked Brown to admit to the predicate conviction without having informed him of his right to remain silent. This constitutes reversible error under State v. Johnson,[432 So.2d 815 (La.1983)]. Additionally, there is no other evidence as to Brown's prior criminal record.
Accordingly, for the reasons stated, the defendant's conviction is affirmed. His adjudication and sentence as a multiple offender is vacated and this matter is remanded for a multiple offender hearing and resentencing.
CONVICTION AFFIRMED; MULTIPLE BILL SENTENCE VACATED; CASE REMANDED FOR REHEARING ON MULTIPLE BILL.