719 So.2d 1141 (1998)
STATE of Louisiana
v.
Dwayne JOHNSON, III.
No. 98-KA-281.
Court of Appeal of Louisiana, Fifth Circuit.
September 29, 1998.
*1142 Bertha M. Hillman, Louisiana Appellate Project, Thibodaux, for Defendant/Appellant.
*1143 John M. Crum, Jr., District Attorney, Rodney A. Brignac, Assistant District Attorney, Laplace, for Plaintiff/Appellee.
Before DUFRESNE and CANNELLA, JJ., and WICKER, J. Pro Tem.
THOMAS C. WICKER, Jr., Judge Pro Tem.
Dwayne A. Johnson III appeals his conviction of one count of violation of La. R.S. 40:967(C), possession of cocaine. We affirm, but remand for correction of a minor omission by the trial judge in the sentencing colloquy.

FACTS
Deputy Richard Wainwright of the St. John the Baptist Parish Sheriff's Office testified that on February 13, 1995, at approximately 9:30 p.m., he was dispatched to a Shell service station on Highway 61 in Laplace to investigate a complaint regarding a stolen vehicle. Upon arriving at the scene Deputy Wainwright spoke with the complainant, who identified a vehicle parked across the street from the Shell station as his vehicle. The victim also identified the defendant, who was walking toward the stolen vehicle, as the man who stole his vehicle. The victim told the officer that he did not wish to press charges against the defendant, but just wanted his vehicle returned to him.
Deputy Wainwright then approached the defendant and asked to speak with him. When he was approximately ten feet away from the defendant, he advised the defendant to place his hands on top of the vehicle. However, the defendant began to run away from the officer. Two other deputies in the area in marked units converged on the defendant and cut him off. Deputy Wainwright saw the defendant reach into his pockets, but didn't know what he was doing. Shortly after that Lieutenant Watkins took the defendant down to the ground and Deputy Brouwer assisted in handcuffing the subject.
Corporal James Brouwer testified he arrived on the scene in response to a radio dispatch regarding a stolen vehicle at the Shell station on U.S. 61. He was en route to the Shell station when he observed another deputy approaching a black male in the parking lot. When the deputy was about five feet away the black male took off and started running across Airline Highway toward the K & B parking lot. Lieutenant Watkins was also approaching the scene and he made a U-turn in front of Deputy Brouwer to try to head off the subject on foot. Brouwer was in his unit not far behind him. The subject actually ran into the Brouwer vehicle, then dodged away. However, Lieutenant Watkins took the subject down in a grassy area past the K & B parking lot and Deputy Brouwer handcuffed him.
Lieutenant Juan Watkins testified he was responding to a radio call about a subject in the parking lot of the Shell station on Highway 61 regarding a stolen vehicle. He and Deputy Brouwer pulled up simultaneously. He saw Deputy Wainwright talking to a black male subject who started running from the parking lot across Airline toward the old K & B parking lot. Lieutenant Watkins pursued him in his cruiser, then exited his vehicle and chased the subject on foot. He saw the defendant take some items out of his pocket and throw white rock substances on the concrete. Watkins captured him, then returned to the area where he saw the rocklike substances. He was able to retrieve about eight pieces of what appeared to be rock crack cocaine. No controlled substance was found on the defendant's person.
The defendant testified on his own behalf. He stated he ran away from the deputy who asked him about a stolen car because the officer raised his voice when the defendant denied knowing anything about it. The defendant stated he felt threatened. He also said that he heard Watkins' voice over a loudspeaker saying, "Freeze or I'll shoot." The defendant looked back and continued to run, with his hands up to show he had no weapon. He looked back a second time and Deputy Brouwer hit him with his patrol car. He fell down, then got up to run again, but Brouwer exited his vehicle, knelt on his back and handcuffed him. He denied that any other officer pursued him on foot, but only in cars. He denied having any crack cocaine on him. The defendant admitted he had a previous conviction for simple robbery, for which *1144 he had received a sentence of five years of probation. He also admitted that being caught with crack cocaine would be a violation of his probation and would be a reason to run away.
In rebuttal, Deputy Brouwer testified he did not recall seeing the defendant running with his hands up. He also said the defendant ran into the left front fender of his car, then ran around either the front or the rear of the car, at which time he was tackled by Lieutenant Watkins and Brouwer handcuffed the subject. Lieutenant Watkins testified he did not use his loudspeaker to talk to the defendant during the pursuit and that he never said, "Freeze or I'll shoot." He also denied that the defendant ran with his hands up in the air. Watkins also reiterated that the cocaine he found on the ground is what he saw the defendant throw down. He admitted on cross examination, however, that in his prior testimony at the suppression hearing he had stated that the defendant had the cocaine in a medicine bottle, while at trial he insisted it was a Lifesavers candy container.

ASSIGNMENT OF ERROR NO. 1
The defendant's only assignment of error on appeal is that the trial court erred in overruling defendant's objection to the State's introduction of other crimes evidence.
The defendant complains that a mistrial should be granted pursuant to La.Code Crim. P. art. 770(2) because the prosecutor, while giving his closing argument, implicated the defendant in the commission of three crimes other than that for which he was on trial.[1] Although the defendant admits that he did not object to the prosecutor's comments during closing argument, he argues that the issue was preserved for appellate review because he had previously objected to the testimony of Deputy Wainwright.
La.Code Crim. P. art. 770 applies to prejudicial comments made by a district attorney. It provides in pertinent part:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;... [Emphasis added.]
La.Code Crim. P. art. 770, Official Revision Comment (b), provides, "A failure to move for a mistrial is a waiver of the error, since this article requires a motion by the defendant." However, "where a defendant objects to improper remarks and the objection is overruled, the defendant is not required to make a useless motion for an admonition or a mistrial to preserve his rights on appeal." State v. Baylis, 388 So.2d 713, 720 (La.1980). Mistrial is a drastic remedy which should be declared only when unnecessary prejudice results to the accused. State v. Smith, 430 So.2d 31, 43 (La.1983).
The defendant points to the following excerpts from the prosecutor's closing argument as the basis for this assignment of error:
Now, the police respond to a dispatch, a radio call goes out of a complaint from the Shell station at the corner of Magnolia and U.S. 51[sic]. The complaint is that there's a guy over there saying somebody stole his vehicle. Wainwright, Richard Wainwright is the first person to get there and he testifies that the guy indicated, pointed to the defendant.
* * * * * *
What's wrong with flight from an officer, resisting arrest, you know, lesser misdemeanor type crimes?
"The issue as to the propriety of remarks made in closing argument is not preserved for review where defense counsel makes no objection to the statement either during the argument or after the argument." State v. Francis, 95-194 (La.App. 5 Cir. 11/28/95), 665 So.2d 596, 603. See also LSA-C.Cr.P. *1145 art. 841; State v. Michel, 422 So.2d 1115 (La.1982). The lack of a contemporaneous objection prevents the trial court from immediately remedying the situation, should corrective action be necessary. Francis, 665 So.2d at 603.
Here, the defendant neither moved for a mistrial, nor requested an admonition, nor objected to any of the prosecutor's comments. We conclude that the defendant did not preserve this issue for appellate review.
In addition, however, the defendant suggests that his previous objection to Deputy Wainwright's testimony preserved for appellate review the issue of whether a mistrial should be granted, pursuant to La.Code Crim. P. art. 770(2).
The following colloquy occurred as the defense objected to Deputy Wainwright's testimony:
A. [Deputy Wainwright] Okay. I was the first unit that arrived. I spoke with a white male over there and he advised me that his vehicle was parked, heI could see the vehicle at that time, it was parked -
MR. MUHAMMAD [defense attorney]:
Objection, it's hearsay.
THE COURT:
Wait, just a moment, sir. Wait.
MR. O'REGAN [district attorney]:
This is part of the initial -
MR. MUHAMMAD:
But it's hearsay, Your Honor.
THE COURT:
Wait a minute, one at a time. Mr. Muhammad.
MR. MUHAMMAD:
I object because it's hearsay.
THE COURT:
Mr. O'Regan.
MR. O'REGAN:
It's part of the initial incident of when he first arrived on the scene. And it's not being offered to show the proof, to prove the truth of the allegation, it's just to show what motivated him subsequently to do what he did.
MR. MUHAMMAD:
May we approach?
THE COURT:
Yes, you may. Do you want your client present? Well, do you want it on the record?
MR. MUHAMMAD:
Yes, Your Honor.
[Side-bar on record: Defendant present]
MR. MUHAMMAD:
Your Honor, if he's allowed to testify about something someone said as it relates to, for one, another crime, in addition to someone that cannot corroborate what he's saying, that will be highly prejudicial -
THE COURT:
You're speaking loud enough for the jury to hear.
MR. MUHAMMAD:
As it relates to my client even being present in a situation that would even make him appear to look guilty.
THE COURT:
Let me get some facts first. This other crime that we're talking about, is it something your client was involved in?
MR. MUHAMMAD:
That's the charge from the report that I read, he will testify the reason he was called was because my client had stolen his vehicle.
MR. O'REGAN:
This is the reason why he went and talked to him in the first place was because this guy -
THE COURT:
What's the probable cause, it's the probable cause then for the stop?
MR. O'REGAN:
Yeah.
THE COURT:
Before?
MR. O'REGAN:
It's what notified him and gave him reason to talk to him.
MR. MUHAMMAD:
He's not been charged with any such crime.

*1146 MR. O'REGAN:
I realize that. I know he's not been charged with anything. But the deputy has to be able to say why he talked to Dwayne. I mean he didn't just go, he's not out there harassing people and talking to people just for the fun of it. He's talking to him because that guy said that guy stole the car, even though no charges were ever filed.
THE COURT:
Is there any way his testimony could be streamlined that he can say in response to a report on a stolen car he was questioning him about anything?
MR. O'REGAN:
I got to show probable cause for him approaching Dwayne. I streamline it too much it looks like -
THE COURT:
I'm going to allow it. I'll note your objection but I'll allow it.
Clearly the trial judge anticipated that further objections might be necessary, depending upon the actual testimony given, because she then instructed the witness to proceed slowly with his testimony and to stop if another objection was made. However, no further objections were lodged by the defense.
Following the trial court's denial of the defense's objection, Deputy Wainwright testified that he reported to the scene to investigate a reported car theft and subsequently attempted to speak with the defendant because the vehicle's owner identified the defendant as the man who had stolen his vehicle. The officer explained further that as he told the defendant to place his hands on the car so that he could conduct a pat down, the defendant ran away from him. The officer also stated that another officer apprehended the defendant, taking the defendant down to the ground and placing him in handcuffs.
Even absent a contemporaneous objection, "extremely prejudicial and inflammatory remarks require reversal." Francis, supra, at 603.
In the present case, the defendant took the stand and corroborated the testimony given by Deputy Wainwright: he testified that he was questioned regarding a stolen vehicle, ran from the police, and was finally "taken down" and placed in handcuffs. Therefore, we find the prosecutor's comments during his closing argument were not so inflammatory as to require reversal.
All the prosecutor did was recount testimony given by both Deputy Wainwright and the defendant. Moreover, Deputy Wainwright testified he saw the defendant reaching into his pockets as he ran away from him, while Lieutenant Watkins testified he saw the defendant throw some white rock substances to the ground of the parking lot. Watkins retrieved approximately eight pieces of crack cocaine from the ground where the defendant had tossed the white rock substances. We conclude that the district attorney's comments during closing argument were neither extremely prejudicial nor inflammatory.
Further, although the Louisiana Code of Evidence prohibits the use of evidence of other crimes or wrongful acts to prove the character of a person in order to show that he acted in conformity therewith, such evidence is admissible "when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding." La.Code Evid. art. 404(B)(1). Formerly known as "res gestae," evidence that constitutes an integral part of the crime is admissible without prior notice to the defense. State v. Hopson, 97-509 (La.App. 5 Cir. 11/25/97), 703 So.2d 767, 770.
The "res gestae" doctrine is broad and includes not only spontaneous utterances and declarations made before or after the commission of the crime, but also testimony of witnesses pertaining to what they heard or observed during or after the commission of the crime if a continuous chain of events is evidenced under the circumstances. State v. Craig, 95-2499 (La.5/20/97), 699 So.2d 865, 876, cert. denied, ___ U.S. ___, 118 S.Ct. 343, 139 L.Ed.2d 266 (1997).
The State witnesses explained the sequence of events surrounding the defendant's arrest for possession of cocaine. Officers explained that the defendant was initially approached for questioning regarding a stolen vehicle, that when the officer was approximately *1147 ten feet from the defendant, the defendant ran away from the police, and that the defendant continued running from the police until he was apprehended and placed in handcuffs. The defendant threw down the crack cocaine while fleeing from the police officers. Therefore, the testimony recounted a continuous chain of events and the officers' testimony was admissible under the res gestae doctrine.
The prosecutor's closing argument merely reiterated what the officers had stated while testifying. In addition, the defendant himself corroborated the officers' testimony that he was initially questioned regarding a stolen car, that he subsequently ran away from the police, and that he continued running until the police apprehended him and placed him in handcuffs. We conclude that the prosecutor did not refer to "[a]nother crime committed or alleged to have been committed by the defendant as to which evidence is not admissible." La. Code Crim. P. art. 770(2).

ERROR PATENT DISCUSSION
We find a patent error in that the trial judge failed to properly advise the defendant of the prescriptive period for post-conviction relief, as mandated by La.Code Crim. P. art. 930.8(C). Although the judge did inform the defendant that he had "a three (3) year prescriptive period in which to file for post conviction relief," that statement does not comply with statutory requirements because the judge should have specifically advised defendant that he had three years after the judgment of conviction and sentence have become final. State v. Carter, 96-358 (La.App. 5 Cir. 11/26/96), 685 So.2d 346, 354.
Accordingly, we remand the matter and direct the trial judge to (1) inform the defendant of the provisions of La.Code Crim. P. art. 930.8(C) by sending appropriate written notice to him within ten days of this Court's opinion and (2) to file written proof that the defendant received such notice. In all other respects, the judgment of conviction is affirmed.
AFFIRMED AND REMANDED WITH INSTRUCTION.
NOTES
[1] The defendant does not complain that the State failed to comply with mandatory procedural safeguards before introducing "other crimes" evidence, as required by State v. Prieur, 277 So.2d 126 (La.1973).