| .EDWARD A. DUFRESNE, JR., Chief Judge.
The Jefferson Parish District Attorney filed a bill of information charging defendant, Stephen Watson, with possession of cocaine in violation of LSA-R.S. 40:967(C). The matter proceeded to trial before a six person jury which found defendant guilty as charged. As a result of this conviction, the trial judge sentenced defendant to five years at hard labor.
Thereafter, the state filed a multiple offender bill of information alleging defendant was a fourth felony offender based on five prior convictions. After a hearing, the trial court found defendant to be a fourth felony offender, vacated his original sentence, and resentenced defendant as a multiple offender to fifteen years at hard labor without the benefit of probation or *1009 suspension of sentence.[1] Defendant now appeals.

FACTS

Between 4:00-5:00 a.m. on October 4, 2002, Deputy Janice Griffin was dispatched to a disturbance at 294 Wright Avenue in Gretna. The person committing the disturbance was described as a black male, five feet eleven inches tall, wearing a tan shirt. When Deputy Griffin arrived at the apartment complex, she saw a man fitting the description of the alleged perpetrator coming down the stairwell. As she approached the man, later identified as defendant, she saw him throw down an object.
| ¡¡Deputy Griffin asked defendant for identification. She advised defendant that she was investigating a disturbance and that he fit the description of the alleged perpetrator. Thereafter, Deputy Griffin detained defendant and advised him of his Miranda rights. Defendant appeared antsy and nervous and kept putting his hands inside his pockets. Concerned for her safety, Deputy Griffin conducted a pat down search of defendant at which time she found two pocket knives in his pockets. Defendant was subsequently escorted to the police car by a second officer who arrived on the scene.
Afterwards, Deputy Griffin retrieved the object defendant had previously discarded. The object was a clear film canister that contained an off-white rock-like substance, which later tested positive for crack cocaine.

SUFFICIENCY OF THE EVIDENCE

On appeal, defendant argues that the evidence was insufficient to convict him of possession of cocaine. He asserts that the state failed to prove he possessed the cocaine as opposed to merely being in its presence. Defendant challenges the credibility of the police officer that she saw him throw down the film canister containing cocaine and that the canister was the only object in the stairwell. Defendant claims the officer’s testimony was unbelievable because the stairwell was dark and the police officer could not recall the distance from which she observed defendant discard the object. Defendant also maintains that had the officer seen him throw something, she would have detained or questioned defendant about what he threw.
The constitutional standard for testing the sufficiency of the evidence is whether the trial evidence, both direct and circumstantial, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Hopson, 97-509 (La.App. 5 Cir. 11/25/97), 703 So.2d 767, 769. The evidence must be sufficient so to exclude every reasonable hypothesis of innocence. State v. Hopson, supra, citing State v. Hawkins, 96-766 (La.1/14/97), 688 So.2d 473, 479.
Under Jackson v. Virginia, supra, a review of a criminal conviction for the sufficiency of evidence does not require the reviewing court to ask itself whether it believes that the evidence at trial established guilt beyond a reasonable doubt but whether a rational trier of fact could have reasonably found defendant guilty beyond a reasonable doubt. In applying this stan *1010 dard, the reviewing court will not assess the credibility of witnesses, nor reweigh evidence. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness’ testimony, if believed by the trier of fact, is sufficient support for the requisite factual finding. State v. Bradley, 03-384 (La.App. 5 Cir. 9/16/03), 858 So.2d 80, 84, writ denied, 03-2745 (La.2/13/04), 867 So.2d 688.
To support a conviction for possession of cocaine, the state must prove that a defendant was in possession of the cocaine and that he knowingly possessed it. State v. Reyes, 98-424 (La.App. 5 Cir. 12/29/98), 726 So.2d 84, 88, writ denied, 99-1474 (La.10/8/99), 750 So.2d 967. Whether there is “possession” sufficient to convict depends on the facts of each case. State v. Hopson, 703 So.2d at 769-770.
In the present case, the arresting officer, Janice Griffin, testified that she had seen defendant throw down an object. She stated she saw where the object fell and that there was nothing else on the ground in the area where defendant discarded the object. She further stated no else was nearby at the time. Thereafter, she asked defendant for identification and advised him he was being detained. On cross-examination, Deputy Griffin testified the distance between her and the defendant was the same as the distance between her and the defense counsel in the courtroom. She believed it was dark outside but stated she left her vehicle’s Isheadlights on when she parked the car. Deputy Griffin testified she did not have any problems seeing defendant, seeing him discard the object, or seeing the discarded object. Deputy Griffin further identified defendant in court as the person she saw discard the cocaine.
Deputy Griffin was the only witness to testify at trial. The jury obviously chose to believe her testimony despite attempts by defense counsel to establish she could not have seen what she stated she saw. The officer testified that she saw defendant throw down an object that was later determined to be a film canister containing a rock of crack cocaine.[2] We find this evidence to be sufficient to support the jury’s determination that defendant was guilty of possession of cocaine. See State v. Hopson, supra, where this court upheld defendant’s conviction for possession of cocaine finding that the state sufficiently proved possession.
Based on the foregoing discussion, we find no merit to the arguments raised by defendant in this assigned error.

ERROR PATENT DISCUSSION

We have also reviewed the record for errors patent and have found none. LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990).
For the reasons set forth herein, we hereby affirm defendant’s conviction and sentence.

CONVICTION AND SENTENCE AFFIRMED.

. It is noted that defendant's enhanced sentence was a downward deviation from the mandatory minimum sentence of twenty years. LSA-R.S. 15:529. 1(A)(1)(c)(i). The state objected to the downward deviation at the time of sentencing but did not raise the issue on appeal. *1010 structive possession are inapplicable because the evidence clearly supports a finding of actual possession.

. We note that in his appellate brief, defendant also claims that the evidence was insufficient to prove that he constructively possessed the cocaine. However, the concepts of con-