877 So.2d 173 (2004)
STATE of Louisiana, Appellee,
v.
LaTerrance T. HILL, Appellant.
No. 38,400-KA.
Court of Appeal of Louisiana, Second Circuit.
June 23, 2004.
*174 James E. Beal, Louisiana Appellate Project, Jonesboro, for Appellant.
Jerry Jones, District Attorney, R. Nicolas Anderson, Assistant District Attorney, for Appellee.
Before BROWN, LOLLEY, and HARRISON (Pro Tempore), JJ.
BROWN, C.J.
Defendant, LaTerrance T. Hill, charged with possession of phencyclidine ("PCP"), *175 was found guilty by a jury of a lesser and responsive charge of attempted possession of PCP. He was sentenced to two and one-half years at hard labor. Defendant has appealed his conviction and sentence. We affirm defendant's conviction, but set aside his sentence and remand for further proceedings.

Facts
The state's case consisted of the testimony of Monroe Police Department Officers Dewayne Crowder, Joey Hawkins, and Jeffery Dowdy. Officer Crowder testified that he is part of a special neighborhood action program and that he works strictly in one area of town. On the afternoon of August 27, 2002, Officer Crowder was working traffic detail. Around 3:00 p.m. that afternoon, Officer Crowder was westbound on Thomas Street, which runs parallel to Bernstein Park, when he observed an eastbound vehicle without an inspection sticker, which is a violation of both state and city statutes. Officer Crowder turned his patrol car around and got behind the offending vehicle, a blue Chevrolet Caprice. There were no cars between the Caprice and the patrol car. Officer Crowder saw a white or clear plastic bag being tossed out of the passenger side window of the Caprice in the 1300 block of Thomas Street.
At the time the bag was tossed, Officer Crowder was about 20 yards behind the blue Caprice, and there were no obstructions to his view. Officer Crowder called for assistance in locating the discarded package while he proceeded to stop the Caprice. Officers Hawkins and Dowdy responded, searched the area, and found a plastic bag containing a vial of what was suspected to be PCP in a ditch about eight to ten feet from the street.
Officer Crowder testified that the Caprice was occupied by Edgar Lewis, who was driving, and defendant, who was in the front passenger seat. The men were separated and advised individually of their Miranda rights. When asked about the package tossed out of the car, each man implicated the other, and did so again once the discarded item was located and identified as a vial containing what the officers thought was PCP.[1] Both occupants of the vehicle were arrested for possession of PCP. Officer Crowder testified that there were no pedestrians or any other vehicles in the area at the time the bag was tossed.
Officer Hawkins testified that while he and his partner, Officer Dowdy, were on patrol the afternoon of August 27, 2002, they responded to a call from Officer Crowder requesting assistance. Pursuant to Officer Crowder's request, Officers Hawkins and Dowdy searched the ditch running along the south side of the 1300 block of Thomas Street for what Officer Crowder described as a small white bag possibly containing an illegal substance. The officers confined their search to the area depicted by Officer Crowder and found a white bag containing a small vial, the contents of which they suspected to be PCP. Officer Hawkins testified that they radioed Officer Crowder to inform him of their find. Officer Dowdy's testimony was the same as that of Officer Hawkins.
Defendant did not present any evidence, choosing instead to cross-examine the state's witnesses.
The jury returned the responsive verdict of attempted possession of PCP. Defendant was sentenced to two years at hard labor. Defendant filed a motion to reconsider sentence. In response, the state alleged that the sentence was illegally lenient. The trial court agreed with the *176 state and resentenced defendant to two and one-half years at hard labor. This sentence was ordered to run consecutively to a previously probated sentence.
Defendant has appealed his conviction and sentence.

Discussion

Sufficiency of the Evidence
Defendant argues that the state did not prove guilty knowledge or negate a reasonable hypothesis that the drugs belonged to the driver of the car instead of him.
Due process requires a reviewing court to examine the evidence to determine if a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could reasonably conclude that all of the elements of the offense have been proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Hearold, 603 So.2d 731 (La.1992).
La. R.S. 40:966 makes it unlawful for any person to knowingly or intentionally possess certain controlled dangerous substances. PCP is a controlled dangerous substance listed in R.S. 40:966. To support a conviction for possession or attempted possession, the state need not prove that the defendant was in physical possession of the drugs. State v. Toups, 01-1875 (La.10/15/02), 833 So.2d 910; State v. Manning, 38,083 (La.App.2d Cir.03/12/04), 868 So.2d 283. The term possession is broad enough to encompass both actual and constructive possession. State v. Brisban, 00-3437 (La.02/26/02), 809 So.2d 923; State v. Blanchard, 99-3439 (La.01/18/01), 776 So.2d 1165; State v. Manning, supra.
"Actual possession" means having an object in one's possession or on one's person in such a way as to have direct physical contact with and control of the object. State v. Parfait, 02-348 (La.App. 5th Cir.10/16/02), 831 So.2d 360. Constructive possession may be found where the material is not in a person's physical possession, but is under his dominion and control. State v. Toups, supra; State v. Manning, supra. A person may be deemed to be in joint possession of a drug which is in the physical custody of a companion, if he willfully and knowingly shares with the other the right to control it. State v. Toups, supra.
Guilty knowledge is an essential ingredient of the crime of unlawful possession of an illegal drug. A defendant's guilty knowledge, as in any criminal case, must be inferred from the known facts according to reason and common experience. State v. Lilly, 468 So.2d 1154 (La.1985); State v. Manning, supra; State v. Anderson, 36,969 (La.App.2d Cir.04/09/03), 842 So.2d 1222.
This was a daytime traffic stop. Although there was no testimony as to which occupant of the vehicle had the drugs in his control or where in the vehicle the contraband had been, there was uncontroverted evidence that the drugs were thrown from the passenger side of the vehicle and that defendant was seated on that side of the car. Officer Crowder noted that the trajectory of the package being tossed out of the window was still rising, i.e. it had not yet reached its highest point, indicating to him that it was the passenger, not the driver, who made the throw. Officer Crowder further testified that the drugs were tossed out of the vehicle as soon as it was evident that the patrol car was turning around in pursuit, suggesting to him that the drugs were out in the open and readily accessible.
The evidence presented in this case, viewed in the light most favorable to the prosecution, was sufficient to convince a *177 rational fact finder that the essential elements of the crime of possession of PCP were proved beyond a reasonable doubt.

Sentence
Defendant was first sentenced to two years and then on reconsideration to two and one-half years, which the judge believed to be the statutory minimum.
The supreme court in State v. Callahan, 95-1331 (La.03/29/96), 671 So.2d 903, found that La. R.S. 14:27 did not provide a minimum sentence for attempt. Because La. R.S. 40:979 (providing for attempted possession) now reads the same as 14:27, we reluctantly must follow Callahan and conclude that the trial court was in error in finding that there was a minimum sentence of two and one-half years. See State v. Howard, 37,580 (La.App.2d Cir.09/24/03), 855 So.2d 881, on rehearing in part (La.App. 2d Cir.10/23/03). Although both the original and subsequent sentences were within the sentence parameters for attempted possession of phencyclidine, we nonetheless will remand the matter for resentencing because of the mistaken belief that a statutory minimum term had to be given.

Conclusion
For the reasons set forth above, defendant's conviction is affirmed, but his sentence is vacated and the matter is remanded for further proceedings consistent with this opinion.
NOTES
[1] Subsequent laboratory testing confirmed that the substance in the vial was in fact PCP.