# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**06-829**

**STATE OF LOUISIANA**

**VERSUS**

**RONNIE KURT HONGO, JR.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 59,387
HONORABLE STEPHEN B. BEASLEY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**J. DAVID PAINTER
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Glenn B. Gremillion, Elizabeth A. Pickett, and J. David Painter, Judges.

**REVERSED.**

Pickett, J., Concurs in the result.

**Don M. Burkett, District Attorney**
**Ronald D. Brandon, Assistant District Attorney**
**P.O. Box 1557**
**Many, Louisiana 71449-1557**
**Counsel for State of Louisiana**

**James E. Beal**
**Louisiana Appellate Project**
**P. O. Box 307**
**Jonesboro, LA 71251-0307**
**Counsel for Defendant-Appellant:**
    **Ronnie Kurt Hongo, Jr.**

**PAINTER, Judge.**

A jury convicted Defendant, Ronnie Kurt Hongo, Jr., of possession with intent to distribute cocaine, a violation of La.R.S. 40:967. Defendant was sentenced to twenty years at hard labor, two years of which were to be served without benefit of probation, parole, or suspension of sentence. Defendant appeals, asserting that the evidence was insufficient to support a conviction. For the following reasons, we agree and reverse Defendant's conviction.

### FACTUAL AND PROCEDURAL BACKGROUND

Deputy David Self testified that on July 19, 2004, at approximately 12:30 p.m., he observed a silver Cadillac fail to use its turn signal at the intersection of Middle Creek Road and San Antonio Avenue in Many, Louisiana. Deputy Self turned around to stop the Cadillac, and the Cadillac sped up and made a quick turn onto Martin Luther King Drive. Deputy Self testified that, when he turned onto Martin Luther King Drive, he saw the Cadillac stopped in the roadway and saw an object, which Deputy Self could not describe, being thrown from the passenger window of the car. There is no testimony as to whether Defendant or his passenger threw the object out of the passenger window.

Deputy Self testified that he activated his lights and siren as soon as he turned onto Martin Luther King Drive. The Cadillac then proceeded seventy-five yards and stopped in the parking area of the New Jerusalem Church. After the car stopped, Deputy Self asked Defendant, who was the driver, to step out of the car. Officer DeWayne Jackson arrived and stood with Defendant and his passenger while Deputy Self searched for the discarded object for approximately five minutes. Deputy Self could not find the object; therefore, he gave Defendant a verbal warning concerning not using his turn signal and released him. Deputy Self subsequently received a call

1

and had to leave the area; however, he instructed Officer Jackson to search the area where he thought the object had been thrown.

Officer Jackson testified that Deputy Self informed him that he saw a plastic bag thrown from the passenger window of Defendant's car. He later stated that Deputy Self told him "something" was thrown from the window. After Deputy Self left the area, Officer Jackson searched the area between Hawthorne and Crest Streets and found a plastic bag containing seven plastic bags that held a total of thirty-eight rocks of crack cocaine. The bag containing the smaller bags was rolled up and tied in a knot. Deputy Self testified that Officer Jackson found the plastic bag five to ten minutes after he left the scene.

Officer Phillip Daniels testified that the rocks found inside the bag were tested and determined to be cocaine. Detective Randy Murphy testified that the manner in which the rocks were packaged was consistent with drug dealing and not personal use.

Defendant was charged by bill of information with possession with intent to distribute cocaine, a violation of La.R.S. 40:967. He entered a plea of not guilty and the matter proceeded to trial by jury. On February 27, 2006, the jury returned a verdict of guilty. Defendant's motion for new trial and, alternatively, motion for post-verdict judgment of acquittal was denied. The trial court sentenced Defendant to serve twenty years at hard labor, two years of which were to be served without benefit of probation, parole, or suspension of sentence. The sentence was to run consecutively with any other sentence Defendant was then serving. Defendant's motion for reconsideration of sentence was also denied. Defendant now appeals his conviction.

**DISCUSSION**

In his only assignment of error, Defendant contends that the evidence was not sufficient to convict him of the charge of possession with intent to distribute cocaine or any other verdict responsive thereto. Defendant argues that the testimony of Officer Jackson was not sufficient to convict him because the officer did not see the plastic bag being thrown from the car; therefore, Officer Jackson could not possibly say that the item that he found was in the area where the object was thrown. Defendant also agues that it is implausible that a trained deputy, Deputy Self, would not find eight bags of cocaine on the side of the road during the early afternoon. Defendant contends that a jury could not have concluded beyond a reasonable doubt that the eight bags of cocaine found by Officer Jackson were the same object which Deputy Self saw tossed from Defendant's car. Defendant further contends that it is impossible to escape the conclusion that Officer Jackson looked in an area along the road different from the area where Deputy Self saw the object tossed.

> In evaluating the sufficiency of the evidence to support a conviction, a reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *State v. Captville*, 448 So.2d 676, 678 (La.1984). Additionally, where circumstantial evidence forms the basis of the conviction, the evidence must exclude every reasonable hypothesis of innocence, "assuming every fact to be proved that the evidence tends to prove." La. R.S. 15:438; *see State v. Neal*, 2000-0674 p. 9 (La.6/29/01), 796 So.2d 649, 657, *cert. denied*, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002). The statutory test of La. R.S. 15:438 "works with the *Jackson* constitutional sufficiency test to evaluate whether all evidence, direct and circumstantial, is sufficient to prove guilt beyond a reasonable doubt to a rational jury." *Neal,* 2000-0674 p. 9, 796 So.2d at 657.

*State v. Weary*, 03-3067, p. 17 (La. 4/24/06), 931 So.2d 297, 310.

Defendant was convicted of possession with intent to distribute cocaine.

3

> To support a conviction for possession with intent to distribute, the State must show that an accused was in possession of a controlled dangerous substance and intended to distribute the drug. Louisiana Revised Statutes 40:967(A) provides, in pertinent part, that it is "unlawful for any person knowingly or intentionally: (1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance . . . classified in Schedule II."

*State v. Davis*, 05-543, p. 5 (La.App. 3 Cir. 12/30/05), 918 So.2d 1186, 1190, *writ denied*, 06-587 (La. 10/13/06), ___ So. 2d ___.

> Possession of narcotic drugs can be established by actual physical possession or by constructive possession. *State v. Trahan*, 425 So.2d 1222, 1226 (La.1983). A person can be found to be in constructive possession of a controlled substance if the State can establish that he had dominion and control over the contraband, even in the absence of physical possession. *State v. Harris*, 94-0970, p. 4 (La.12/8/94), 647 So.2d 337, 338-39.

> A determination of whether there is sufficient "possession" of a drug to convict depends on the particular facts of each case. *Trahan*, 425 So.2d at 1226. Although mere presence in an area where drugs are located or mere association with one possessing drugs does not constitute constructive possession, this court has acknowledged several factors to be considered in determining whether a defendant exercised sufficient control and dominion to establish constructive possession, including: (1) his knowledge that drugs were in the area; (2) his relationship with the person, if any, found to be in actual possession; (3) his access to the area where the drugs were found; (4) evidence of recent drug consumption; and (5) his physical proximity to drugs. [*State v.*] *Toups*[, 01-1875] at p. 4 (La. 10/15/02),] 833 So.2d [910] at 913.

*State v. Major*, 03-3522, pp. 7-8 (La. 12/1/04), 888 So.2d 798, 802.

In the case at bar, Deputy Self testified that an object, which he could not describe, was thrown from the passenger side window when Defendant's car was seventy-five yards from the parking area at the New Jerusalem Church. Deputy Self testified that there was a passenger in the vehicle being driven by Defendant, but there was no testimony that Defendant was the person who threw the object out of the vehicle. Deputy Self could not find the object after searching the area for five minutes. He testified that there were ditches in the area that he searched, that the

4

grass in the area was eight to twelve inches high, and that there was trash in the area. Deputy Self subsequently left the area to answer another call and told Officer Jackson an "approximate area" to search.

Officer Jackson testified that he searched between Hawthorne and Crest Streets. He testified that he found the bag less than five minutes after Deputy Self left. He later testified that he found the bag after approximately ten to fifteen minutes. He further testified that the only trash in the area where he found the bag was a coke cup. Officer Jackson testified that the cup had been in the area for a while because there was rusty water inside it. Officer Jackson then testified that the bag was sitting on top of the grass about twenty feet from the edge of the pavement. When asked how deep the grass was, Officer Jackson stated the following: "It was pretty good-- it wasn't that tall. You can see it from the road though." He guessed that he walked close to one hundred yards or more from the area where Defendant finally stopped his car before finding the bag. However, he indicated it could have been seventy-five yards.

Deputy Self indicated that the evidence found by Officer Jackson was a clear plastic bag that would fit in the palm of the hand. He further testified that the bag was not wet, and Officer Jackson testified that there was no water in the area where the bag was found. Deputy Self further testified there were no fingerprints taken from the evidence. Deputy Self additionally testified that he would not classify the area of Martin Luther King Drive as a high crime area. This was confirmed by Officer Jackson.

In *State v. Hopson*, 97-509 (La.App. 5 Cir. 11/25/97), 703 So.2d 767, police observed the defendant throw "something" from the driver's side window of the vehicle during a traffic stop. After stopping the vehicle, the officer walked

5

approximately twenty yards behind the defendant's car and found two beige envelopes containing marijuana and a piece of plastic containing a rock of cocaine two to four feet from the envelopes. On appeal, the defendant argued that the evidence was insufficient to support his conviction because the officer testified that he only saw the defendant throw the envelopes out the window, not the rock of cocaine. Based on the testimony presented at trial, the court found that the jury could have found beyond a reasonable doubt that the defendant threw the rock of cocaine out the window.

In *State v. Montgomery*, 98-775 (La.App. 3 Cir. 1/27/99), 734 So.2d 650, police were called to investigate a complaint regarding a blue Chrysler. While questioning the driver at the back of the vehicle, one officer heard something hit the ground in the area where the defendant was located. A second officer looked beneath the car and found a matchbox containing razor blades and four or five rocks of crack cocaine. The defendant was then arrested. This court stated the following:

> In [*State v.*] *Cooper*, 93-863 [(La.App. 5 Cir. 3/16/94)]; 635 So.2d 301, the investigating officer testified that he followed a suspect down a dark alleyway. When he had closed the distance to within three feet, he observed the defendant make a tossing motion. A subsequent search of the area revealed a matchbox "which they described as clean, and neither wet nor muddy, and which contained six rocks of cocaine." *Id.* at p. 6, 304-305. The defendant's conviction of attempted possession of cocaine was upheld.

> In the present case, the lighting was adequate, and Officer Murphy was in a position to clearly see the Defendant. As to the matchbox containing the cocaine discovered underneath the vehicle, while Officer Murphy testified that he neither saw the Defendant actually possess nor throw the matchbox, he did testify that he was certain that the Defendant had thrown the box containing cocaine beneath the car. Officer Murphy's conclusion was based on the suspicious activity of the Defendant, including, but not limited to, the way he was seated, half in and half out of the car, Defendant's bending rapidly forward, and the concurrent sound heard beneath the vehicle.

> Similar to the facts presented in *Cooper*, Office Murphy had a clear view of the Defendant as the events transpired. Further, evidence

6

tends to establish that the matchbox discovered had not been exposed to the elements for any length of time. Both officers testified that it was not raining on the evening in question, and it was daylight at the time of the arrest. The parking lot was constructed of gravel and dirt. Though Officer Murphy never touched the box containing the cocaine, he said that it did not appear that the box had been exposed to the gravel and dirt for any length of time prior to discovery. This testimony was corroborated by Officer Hembree who actually had control of the evidence. The box containing the cocaine was never tested for prints.

. . . .

The record indicates that the State proved that the Defendant was seen exiting the passenger side of the blue Chrysler where cocaine was subsequently discovered. Officers discovered evidence in close proximity to the passenger compartment where the Defendant was seated. The Defendant acted suspiciously subsequent to his exiting the vehicle and only complied with the officer's request to return to the car after several requests. In addition, cocaine was found beneath the vehicle, and the Defendant's observed throwing motion was followed by a sound consistent with something hitting the ground. Furthermore, the transactions above occurred in an area frequented by drug users and where regular illicit activity occurred.

Defendant was also in possession of over $200.00 in cash, a fact which supports the suspicion of dealing in illegal drug transactions. We note that the Defendant's grandmother, Rose Lee Page, testified that she had given the Defendant $200.00 to purchase clothes and that she had seen the Defendant in possession of the purple bag on the day in question. However, it appears that the jury chose not to believe this testimony.

*Id*. at 654-55.

In the present case, this court finds that the State failed to prove that the plastic bag found by Officer Jackson was the object which was thrown from the passenger window of Defendant's car. The car was traveling down a public street and Deputy Self could not describe the object thrown. Unlike *Hopson*, the object thrown was not located immediately by Deputy Self or Officer Jackson and was found in a grassy area where trash may or may not have been. We additionally note that there was no testimony by either Deputy Self or Officer Jackson regarding either the condition of the bag found, other than their remarks that the bag was not wet, or their opinion

7

regarding the length of time the bag was exposed to the elements. Additionally, there was no testimony regarding suspicions activity by Defendant or his passenger while they were out of the car, as there was in *Montgomery*.

Furthermore, this court finds that the State failed to prove that Defendant was in actual or constructive possession of any object thrown from passenger window of his car. As noted above, there was a passenger in Defendant's car, but there was no testimony concerning who threw the object from the car. In *State v. Bell*, 566 So.2d 959 (La.1990), the supreme court reversed Bell's conviction for attempted possession of cocaine, finding that, although the jury could have reasonably concluded that Bell was aware that drugs were present, the evidence was insufficient to prove that he exercised dominion and control over the drugs. On the day in question, Bell was sitting with his co-defendant, Davis, in Davis' car. Davis sat in the driver's seat of his car, while Bell sat in the passenger seat, listening to loud music. When police officers approached the car to ask Davis and Bell to turn down the music, one of the officers saw, through the driver's side window, a distinctively wrapped package containing a white powder among cassette tapes on the console placed over the transmission hump of the car. After retrieving the package, the officers arrested both men for possession of cocaine. Although the supreme court found that the jury could have reasonably found that Bell was aware of the cocaine, the court found the jury could not have reasonably found that Bell exercised control over the cocaine. The supreme court stated the following in its opinion:

> According to the testimony of the arresting officers, the state had no evidence that Bell exercised any control over Davis' car, that he had any other drugs in his possession on his person, that he appeared under the influence of narcotics, or that he had possession of any drug paraphernalia. It was Davis who lived in the neighborhood two doors away and who responded to the request of the police by turning down the radio. From Bell's mere presence in the car close to the sealed package on the console between the two men, a rational factfinder could

8

not have concluded that, even assuming he was aware of the contents, Bell exercised control and dominion over the package, or that he willfully and knowingly shared with Davis the right to control it. The state's evidence was therefore insufficient to prove that Bell was in constructive possession of the cocaine, or that he had performed any act tending directly toward accomplishing that goal. R.S. 14:27; 40:967.

*Id*. at 960.

In *State v. Segura*, 02-280 (La.App. 5 Cir. 9/30/02), 829 So.2d 587, *writ denied*, 02-2696 (La. 3/28/03), 840 So.2d 569, officers set up surveillance after receiving information that a black male named Jimmy would be driving a red Grand Am and would deliver drugs to a certain location. When officers observed the car in the area, they followed it. At an intersection, the driver ran a stop sign. Officers turned on their siren and lights, and the vehicle fled. At that time, officers observed the front-seat passenger throwing small rock-like objects from the passenger window. When officers approached the vehicle, officers saw the front-seat passenger attempting to conceal contraband in the air-conditioner vent. The defendant was in the driver's seat. No cocaine was found on the defendant. The court affirmed the defendant's conviction of attempted possession of cocaine finding that the evidence excluded every reasonable hypothesis of innocence. This finding was based on the fact that officers had information which targeted the defendant as transporting drugs, and cocaine was found in front of the car. Further, the court concluded that the defendant's flight from officers after running a stop sign was indicative of his guilty knowledge.

In *State v. Hill*, 38,400 (La.App. 2 Cir. 6/23/04), 877 So.2d 173, an officer observed a vehicle without an inspection sticker; therefore, he turned around and got behind the offending vehicle. At that time, the officer saw a white or clear plastic bag being tossed from the passenger side window. After stopping the vehicle, the officer found a plastic bag containing a vial of what was suspected to be PCP. The

9

defendant, the front-seat passenger, and the driver each implicated the other when asked about the package tossed from the car. The court upheld the defendant's conviction for attempted possession of PCP, finding as follows:

> This was a daytime traffic stop. Although there was no testimony as to which occupant of the vehicle had the drugs in his control or where in the vehicle the contraband had been, there was uncontroverted evidence that the drugs were thrown from the passenger side of the vehicle and that defendant was seated on that side of the car. Officer Crowder noted that the trajectory of the package being tossed out of the window was still rising, i.e. it had not yet reached its highest point, indicating to him that it was the passenger, not the driver, who made the throw. Officer Crowder further testified that the drugs were tossed out of the vehicle as soon as it was evident that the patrol car was turning around in pursuit, suggesting to him that the drugs were out in the open and readily accessible.

*Id*. at 176.

In *State v. Clay*, 95-814 (La.App. 3 Cir. 3/6/96), 670 So.2d 704, an undercover officer informed Officer Warren that he had made a drug buy from a subject who received the drugs from two individuals in a vehicle parked at a residence on Thirteenth Street. When Officer Warren arrived at the residence, the defendant and Albert George were still inside the vehicle and refused to exit. George and the defendant rolled up the windows and locked the doors. Both the defendant and George told officers they would need a warrant to get inside the vehicle. Subsequently, an officer broke one of the vehicle's windows and both men were removed from the vehicle. A closed medicine bottle containing thirteen rocks of crack cocaine was found in the console located between the driver and passenger seats. The marked police money was found in George's possession. This court reversed the defendant's conviction and sentence, finding as follows:

> [T]he state presented no evidence that the defendant had any other drugs on his person, that he appeared under the influence of narcotics, or that he had possession of any drug paraphernalia. Additionally, Officer John Trahan, who observed the bottle containing the cocaine on the middle console, testified that the bottle was closed. We note that in *State v.*

*Johnson*, 404 So.2d 239 (La.1981), *cert. denied*, 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982), the court held that active cooperation in an attempt at drug disposal is adequate evidence, in combination with proximity to a drug or association with the possessor, to establish a prima facie case of drug possession. However, we do not find that the defendant's refusal to exit the vehicle can be construed as active cooperation in an attempt at drug disposal. The state did not present any evidence that the defendant attempted to dispose of the drugs, and after the arrest of the defendant, the drugs were observed on top of the middle console of the vehicle. Additionally, apart from participating in locking the doors and rolling up the windows, the state offered no evidence to show that the defendant exercised any control over the vehicle.

While the jury could have reasonably found that the defendant was aware of the medicine bottle and its contents as well as the drug sale, a rational fact finder could not have concluded that the defendant exercised dominion and control over the crack cocaine. Thus, we reverse the defendant's conviction and sentence for possession of cocaine in violation of La.R.S. 40:967(C) and order that he be discharged from further custody on that charge.

*Id.* at 707-08.

In the case at bar, the evidence indicated that Defendant was driving a car that stopped in the roadway and, during that time, Deputy Self saw something being thrown from the passenger window. Deputy Self searched for, but did not find, the object. Some time later, Officer Jackson found a plastic bag containing over thirty-eight rocks of crack cocaine on the side of the road. There is no testimony regarding Defendant's knowledge that drugs were in the car or on the person of the passenger, his relationship with the passenger who threw the object from the window, where the object was prior to it being thrown from the car, or evidence of recent drug use by Defendant. The testimony presented revealed only that the passenger had dominion and control over the object that was thrown from the car.

The case at bar is clearly distinguishable from *Segura*, as it was the defendant in *Segura* that threw the drugs from the vehicle. The case at bar is also distinguishable from *Hill*, in that there was no testimony from Deputy Self regarding

11

any belief that the object thrown from Defendant's vehicle was out in the open or readily accessible to Defendant.

When Defendant initially sped off and turned onto Martin Luther King Drive, Deputy Self had not yet engaged his lights or siren. Further, although Defendant was stopped in the roadway when Deputy Self turned onto Martin Luther King Drive, he merely pulled forward seventy-five yards and parked in a parking lot after Deputy Self activated his lights and siren. There was no testimony that Defendant initially stopped on Martin Luther King Drive for the purpose of allowing the passenger to discard drugs.

Based on the evidence presented at trial, we find that the State failed to prove that Defendant was in actual or constructive possession of any object thrown from the car by the passenger.

## DECREE

The State failed to prove both that the plastic bag containing the cocaine found by Officer Jackson was, in fact, the object thrown from the passenger window of Defendant's car by Defendant and that Defendant was in actual or constructive possession of any object thrown from his car by the passenger. Accordingly, we find that the evidence was insufficient to support Defendant's conviction. Therefore, Defendant's conviction and sentence are reversed.

**REVERSED.**